IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF DETLEF § No. 271, 2025
HARTMANN FOR A WRIT OF §
PROHIBITION §

Submitted: September 11, 2025
Decided: November 17, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## O R D E R

After careful consideration of the petition for a writ of prohibition, the State's answer and motion to dismiss, as well as the Superior Court docket, it appears to the Court that:

(1) In March 2001, the petitioner, Detlef Hartmann, pleaded guilty to one count of second-degree unlawful sexual intercourse and two counts of unlawful sexual contact. The Superior Court sentenced Hartmann to a total of 10 years of unsuspended incarceration, followed by probation. We affirmed Hartmann's convictions and sentence on direct appeal.[1] Following Hartmann's release from prison, he was twice re-sentenced after the Superior Court found that he had violated the terms of his probation. The Superior Court docket reflects that Hartmann was discharged from probation in February 2025.

---

[1] *Hartmann v. State*, 2003 WL 1524623 (Del. Mar. 20, 2003).

(2) In June 2025, Hartmann filed this petition under Supreme Court Rule 43 asking the Court to issue a writ of prohibition. Hartmann appears to argue that the Superior Court did not have jurisdiction over his criminal case because the Family Court has exclusive jurisdiction over proceedings involving child abuse. Hartmann asks this Court to direct the Superior Court to, among other things, "cease all proceedings in this matter" and "void [his] criminal case totally."

(3) A writ of prohibition is the legal equivalent of the equitable remedy of injunction and may be issued to prevent a trial court from (a) proceeding in a matter where it has no jurisdiction or (b) exceeding its jurisdiction in a matter that is properly before it.[2] The jurisdictional defect alleged by the petitioner must be clear from the record.[3]

(4) We have previously considered and rejected Hartmann's claim that the Superior Court lacked jurisdiction over his criminal charges.[4] Hartmann's petition for a writ of prohibition must therefore be dismissed.

---

[2] *In re Goodlett*, 2005 WL 2333923, at *1 (Del. Sept. 21, 2005).
[3] *Id.*
[4] *Hartmann*, 2003 WL 1524623, at *1 ("The charges against Hartmann were properly within the Superior Court's jurisdiction.").

2

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to dismiss be GRANTED and the petition for the issuance of a writ of prohibition be DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice